**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br><br>Va Bene Trist, LLC, a Nevada Limited Liability Company,<br><br>Debtor,<br><br>Va Bene Trist, LLC, a Nevada Limited Liability Company,<br><br>Appellant,<br><br>vs.<br><br>Washington Mutual Bank; WMALT 2006-A; California Reconveyance Company; JPMorgan Chase Bank NA; and WMALT 2006-8,<br><br>Appellees. | Chapter 12<br><br>Case No. 2:07-bk-6227-GBN<br><br>Adv. No. 2:08-ap-844-GBN<br><br>No. CV 11-00977-PHX-NVW<br><br>**ORDER** |

Before the Court are Appellant's Brief (Doc. 19), Appellee's Response (Doc. 22), and Appellant's Reply (Doc. 23). For the reasons stated below, the Court will affirm the decision of the Bankruptcy Court.

**I.      BACKGROUND**

The central issue before the Bankruptcy Court was whether Appellees have a secured claim on Appellant's real property located at 30019 North 150th Street, Phoenix,

Arizona. Appellant originally loaned Los Pintos, an entity with which David Menken was involved, funds for the purchase of the property in 2001. Over the next few years, Menken transferred title of the property between himself and Los Pintos in order to personally obtain refinancing loans secured by the property. In 2005, Menken obtained two loans secured by deeds of trust on the property: one from American Home Mortgage in the amount of $1.19 million, and one from Axis in the amount of approximately $300,000. Appellant eventually acquired title to the property in 2006 from Los Pintos in satisfaction of the original loan to purchase the property. Menken was Appellant's manager at all relevant times and resided at the property. No mortgage payments have been made since 2007.

In June 2006, Menken obtained two loans from American Home Mortgage which were used to pay off the two previously existing liens on the property.[1] Although Menken signed these documents and obtained the loans in his name, title to the property remained in Appellant's name. Nonetheless, the loan documentation—including the residential loan application, the Truth In Lending Act disclosure statement, the loan commitment letter, the "Notice to Customers Required by Federal Law, Federal Reserve Regulation Z, Notice of Right to Rescind," the Borrower's Certification and Authorization, the RESPA Servicing Disclosure, the promissory note, and the deed of trust—indicates that the loans were intended to be secured by deeds of trust against the property. The loans were subsequently transferred, and a trustee's sale was eventually noticed against the property after no mortgage payments had been made for several months. Appellant then filed for Chapter 12 bankruptcy. The matters at issue in these proceedings relate primarily to the $1.19 million American Home Mortgage loan.

---

[1] It is not clear from the record whether the "American Home Mortgage" was the lender for both the 2005 and the 2006 loans.

- 2 -

The Bankruptcy Court ruled that WMALT is the holder of the note, and JPMorgan Chase Bank is the current servicer of the loan. The Bankruptcy Court found that the purpose of the loan was to refinance the existing mortgage secured by the property, and that there was therefore a valid lien upon the property pursuant to the theories of equitable subrogation and replacement of mortgage. The Bankruptcy Court accordingly reformed the deed of trust to reflect the Appellant as trustor under the deed of trust and allow Appelles a secured claim against Appellant.

## II.   LEGAL STANDARD

The Bankruptcy Court's findings of fact are reviewed for clear error and its legal conclusions are reviewed de novo. *See Ormsby v. First Am. Title Co. of Nev.*, 591 F.3d 1199, 1205 n.2 (9th Cir. 2010) (quoting *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007)). Evidentiary rulings by the Bankruptcy Court are reviewed for an abuse of discretion. *See Latman v. Burdette*, 366 F.3d 774, 786 (9th Cir. 2004). The decision of the Bankruptcy Court will not be reversed for harmless error. *See Dean v. Trans World Airlines, Inc.*, 924 F.2d 805 (9th Cir. 1991). The Court may affirm the Bankruptcy Court based "on any ground supported by the record[.]" *In re Cerchione*, 414 B.R. 540, 545 (9th Cir. BAP 2009).

## III.   ANALYSIS

Appellant claims that the Bankruptcy Court erred in its ruling in several respects, with regard to both substantive and evidentiary rulings.

### A.   Substantive Challenges

In his substantive challenges to the Bankruptcy Court's ruling, Appellant claims that Appellees' proofs of claim on the bankruptcy estate are procedurally barred because they were not timely filed. This claim is without merit because Appellees, as secured creditors, were not required to file a proof of claim. *See Brawders v. County of Ventura*, 503 F.3d 856 (9th Cir. 2007).

Second, the Bankruptcy Court did not err by finding that Appellees have standing to enforce the note because WMALT was in possession of the note, which was indorsed in blank, and produced it at trial, thus establishing that it was the current note holder with rights to enforce the note. *See* A.R.S. § 47-3205(B) ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer or possession alone until specifically indorsed.").

Third, the Bankruptcy Court did not commit reversible error by imposing a lien on the property, reforming the deed of trust to make Appellant trustor thereunder, and subrogating WMALT, the current note holder, to the prior secured lien against the property. The Bankruptcy Court applied the analogous doctrines of replacement of mortgage and equitable subrogation in imposing the lien. Both doctrines rely on the same principles, but are applied in different situations depending on the identity of the subsequent lender and its relationship to the earlier lender: replacement of mortgage applies when a lender provides a subsequent loan to refinance a loan it previously made, whereas equitable subrogation applies where a subsequent lender provides a loan to refinance a prior loan made by a different entity. *See Continental Lighting & Contracting, Inc. v. Premier Grading & Utilities LLC*, 227 Ariz. 382, 258 P.3d 200 (Ct. App. 2011) (adopting the replacement of mortgage doctrine and holding "where a senior lien is released of record and, as part of the same transaction, is replaced with a new lien, the latter retains the same priority as its predecessor"); *Lamb Excavation, Inc. v. Chase Manhattan Mortg. Corp.,* 208 Ariz. 478, 95 P.3d 542, 544 (2004) ("[A]pplication of the doctrine of equitable subrogation allows a subsequent lender who supplies funds used to pay off a primary and superior encumbrance to be substituted into the priority position of the primary lienholder[.]").

Appellant contends that the Bankruptcy Court erred in both "finding that American Home – Delaware was AHM Mortgage – NY" (Doc. 19 at 18) and applying

- 4 -

either the theory of equitable subrogation or replacement of mortgage in imposing the lien. Appellant's argument fails because the identity of the subsequent lender is effectively irrelevant.

The Bankruptcy Court did not err in finding that a lien should be imposed because there was sufficient evidence in the record to indicate that the 2006 loan was intended to be, and was in fact, used to pay off the previous loan on the property; that the lender was not a volunteer; and that the loan was intended to be secured by a deed of trust on the property. Whether the lien was imposed under either a theory of equitable subrogation or replacement of mortgage is irrelevant; if the subsequent lender was a different entity from the original lender, a lien would be properly imposed under the theory of equitable subrogation, and if the subsequent lender was the same entity as the original lender, a lien would be properly imposed under the theory of replacement of mortgage. Accordingly, there was no error in the Bankruptcy Court's determination to impose a lien on the property, and any potential error in naming the theory under which to impose the lien is harmless.

Third, the Bankruptcy Court did not err by reforming the deed of trust to show that the loan was intended to be secured by a deed of trust on the property and naming Appellant as trustor thereunder. There was sufficient evidence to show that there was at least mistake, and likely fraud or inequitable conduct, as to which party held title to the property when the loan was made. Further, the loan documentation sufficiently establishes both parties' evinced intent that the loan be secured by a deed of trust on the property. *See Arc Elec. Co., Inc. v. Esslinger-Lefler, Inc.*, 121 Ariz. 501, 591 P.2d 989 (Ct. App. 1979) ("Reformation is proper where the contract does not reflect the intention of the parties because of fraud, inequitable conduct or mistake."). Accordingly, reversal for reforming the deed of trust to reflect the lien on the property and Appellant as trustor is not warranted.

Finally, Appellant claims the Bankruptcy Court erred in imposing the lien through either equitable subrogation, replacement of mortgage, or reformation because Appellant is a bona fide purchaser. There was sufficient evidence for the Bankruptcy Court to find that Appellant was on constructive notice of the prior liens on the property through the deeds of trust and notice of trustee's sale recorded with the Maricopa County Recorder. It was therefore not reversible error for the Bankruptcy Court to determine that Appellant was not a bona fide purchaser, and to accordingly impose a lien on the property and reform the deed of trust to reflect Appellant as trustor.

**B.     Evidentiary Challenges**

The Court will also reject Appellant's objections to various evidentiary rulings by the Bankruptcy Court.

First, the Bankruptcy Court did not abuse its discretion by allowing Vickie Landis to testify at trial as the Bank's representative. Sufficient notice was given to Appellant that a designated representative of the Bank would testify, even if Landis was not specifically disclosed by name. Any error in allowing Landis to testify even though she was not named in the witness disclosure is thus harmless since Appellant was on notice that a representative of the Bank would testify.

Second, the Bankruptcy Court did not abuse its discretion by admitting the September 1, 2006 WaMu Servicing and Pooling Agreement into evidence under the business record exception to the hearsay rule. Fed. R. Ev. 803. It was permissible for the Court to determine the exhibit was sufficiently authenticated by Landis's testimony. *See* Fed. R. Ev. 901. Even without this exhibit, there was sufficient evidence for the Bankruptcy Court to find that WMALT was the noteholder and had standing to enforce the note, so any error in this regard would be harmless.

Third, Appellant claims the Bankruptcy Court erred by admitting the Declaration of Custody of Instrument and Acknowledgement of and Certification of Ownership by

Barbara Gad because the document constituted hearsay. Even if the Declaration was hearsay, Landis testified to the truth of the information that was provided in the declaration. Any error in admitting the Declaration was therefore harmless since there was sufficient independent evidence of ownership of the Note provided through Landis's testimony; accordingly; there is no reversible error.

    IT IS THEREFORE ORDERED that the judgment of the Bankruptcy Court is affirmed.

    IT IS FURTHER ORDERED the Clerk shall enter Judgment in favor of Appellee and against Appellant. The Clerk shall terminate this case.

    Dated this 9th day of January, 2012.

_____
Neil V. Wake
United States District Judge